UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Framework MI, Inc., | Civ. Action No. |
|     Plaintiff, | 1:20-cv-00907 (NRB) |
| v. | |
| CVS Health Corporation; CVS Pharmacy, Inc.; Caremark RX, LLC; ProCare Pharmacy, LLC d/b/a Encompass RX | **STIPULATED PROTECTIVE ORDER** |
|     Defendants. | |

    It is hereby agreed by the parties and ordered by the Court that the following shall apply to information, documents, excerpts from documents, and other materials, with the exception of computer source code and source code related materials, produced in this action pursuant to the Federal and Local Rules of Civil Procedure governing disclosure and discovery:

    1.    With the exception of computer source code and source code related materials, information, documents and other materials may be designated by the producing party ("the Designating Person") in the manner described herein. All such information, documents, excerpts from documents, and other materials will constitute "Designated Material" under this Order. The designation shall be either (a) "CONFIDENTIAL" or (b) CONFIDENTIAL-ATTORNEYS' EYES ONLY." The parties agree to address the designation and handling of computer source code and source code related materials under an amendment to this stipulated protective order. This Order shall apply to Designated Material produced by any party or third-party in this action.

    2.    "CONFIDENTIAL" information means information, documents, or things that have not been made public by the disclosing party and that the disclosing party reasonably and in good faith believes contains or comprises (a) trade secrets, (b) proprietary business information, or (c) information implicating an individual's legitimate expectation of privacy.

    3.    "CONFIDENTIAL-ATTORNEY'S EYES ONLY" means CONFIDENTIAL information that the disclosing party reasonably and in good faith believes is so highly sensitive that its disclosure to a competitor could result in significant competitive or commercial disadvantage to the designating party.

    4.    Designated Material shall not be used or disclosed for any purpose other than the litigation of this action and may be disclosed only as follows:

        a.    *Parties:* Material designated "CONFIDENTIAL" may be disclosed to parties to this action or directors, officers and employees of parties to this action, who

have a legitimate need to see the information in connection with their responsibilities for overseeing the litigation or assisting counsel in preparing the action for trial or settlement. Before Designated Material is disclosed for this purpose, each such person must agree to be bound by this Order by signing a document substantially in the form of Exhibit A.

  b. *Witnesses or Prospective Witnesses:* Designated Material, including material designated "CONFIDENTIAL-ATTORNEYS' EYES ONLY," may be disclosed to a witness or prospective witness in this action, but only for purposes of testimony or preparation of testimony in this case, whether at trial, hearing, or deposition, but it may not be retained by the witness or prospective witness. Before Designated Material is disclosed for this purpose, each such person must agree to be bound by this Order, by signing a document substantially in the form of Exhibit A.

  c. *Outside Experts:* Designated Material, including material designated "CONFIDENTIAL-ATTORNEYS' EYES ONLY," may be disclosed to an outside expert for the purpose of obtaining the expert's assistance in the litigation. Before Designated Material is disclosed for this purpose, each such person must agree to be bound by this Order, by signing a document substantially in the form of Exhibit A.

  d. *Outside Counsel:* Designated Material, including material designated "CONFIDENTIAL- ATTORNEYS' EYES ONLY," may be disclosed to counsel of record and their associates, paralegals, and regularly employed office staff.

  e. *In-house Counsel:* In addition to the parties' rights under paragraph 4.a., material designated "CONFIDENTIAL- ATTORNEYS' EYES ONLY" may be disclosed to two in-house counsel for each party. Before Designated Material is disclosed for this purpose, each such person must agree to be bound by this Order, by signing a document substantially in the form of Exhibit A. Upon request by a receiving party, the parties will meet and confer regarding allowing access to additional in-house counsel.

  f. *Other Persons:* Designated Material may be provided as necessary to copying services, translators, and litigation support firms. Before Designated Material is disclosed to such third parties, each such person must agree to be bound by this Order by signing a document substantially in the form of Exhibit A.

5. Prior to disclosing or displaying any Designated Material to any person, counsel shall:

  a. Inform the person of the confidential nature of the Designated Material; and

  b. Inform the person that this Court has enjoined the use of the Designated Material by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

6. The confidential information may be displayed to and discussed with the

persons identified in Paragraphs 4(b) and (c) only on the condition that, prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached hereto as Exhibit A.  In the event such person refuses to sign an agreement in substantially the form attached as Exhibit A, the party desiring to disclose the confidential information may seek appropriate relief from the Court.

7. A person having custody of Designated Material shall maintain it in a manner that limits access to the Designated Material to persons permitted such access under this Order.

8. Counsel shall maintain a collection of all signed documents by which persons have agreed to be bound by this Order.

9. Documents shall be designated by stamping or otherwise marking the documents with the words "CONFIDENTIAL" or "CONFIDENTIAL-FOR ATTORNEYS' EYES ONLY" thus clearly identifying the category of Designated Material for which protection is sought under the terms of this Order.  Designated Material not reduced to documentary form shall be designated by the producing party in a reasonably equivalent way.

10. The parties will use reasonable care to avoid designating as confidential documents or information that does not need to be designated as such.

11. A party may submit a request in writing to the party who produced Designated Material that the designation be modified or withdrawn.  If the Designating Person does not agree to the re-designation within five business days, the objecting party may apply to the Court for relief.  Upon any such application, the burden shall be on the Designating Person to show why the designation is proper.  Before serving a written challenge, the objecting party must attempt in good faith to meet and confer with the Designating Person in an effort to resolve the matter.  The Court may award sanctions if it finds that a party's position was taken without substantial justification.

12. Deposition transcripts or portions thereof may be designated either (a) when the testimony is recorded, or (b) by written notice to all counsel of record, given within ten business days after the Designating Person's receipt of the transcript in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as directed by the Designating Person.  Pending expiration of the ten business days, the deposition transcript shall be treated as designated. When testimony is designated at a deposition, the Designating Person may exclude from the deposition all persons other than those to whom the Designated Material may be disclosed under paragraph 4 of this Order.  Any party may mark Designated Material as a deposition exhibit, provided the deposition witness is one to whom the exhibit may be disclosed under paragraph 4 of this Order and the exhibit and related transcript pages receive the same confidentiality designation as the original Designated Material.

13. Any Designated Material which becomes part of an official judicial proceeding or which is filed with the Court is public.  Such Designated Material will be sealed by the Court only upon motion and in accordance with applicable law, including the Local Rules of this Court.  This Protective Order does not provide for the automatic sealing of such Designated

Material.  If it becomes necessary to file Designated Material with the Court, a party must move to file the Designated Material under seal.

14. Filing pleadings or other papers disclosing or containing Designated Material does not waive the designated status of the material.  The Court will determine how Designated Material will be treated during trial and other proceedings as it deems appropriate.

15. Upon final termination of this action, all Designated Material and copies thereof shall be returned promptly (and in no event later than forty-five (45) days after entry of final judgment), returned to the producing party, or certified as destroyed to counsel of record for the party that produced the Designated Material, or, in the case of deposition testimony regarding designated exhibits, counsel of record for the Designating Person.  Alternatively, the receiving party shall provide to the Designating Person a certification that all such materials have been destroyed.

16. Inadvertent production of confidential material prior to its designation as such in accordance with this Order shall not be deemed a waiver of a claim of confidentiality.  Any such error shall be corrected within a reasonable time.

17. Nothing in this Order shall require disclosure of information protected by the attorney-client privilege, or other privilege or immunity, and the inadvertent production of such information shall not operate as a waiver.  If a Designating Party becomes aware that it has inadvertently produced information protected by the attorney-client privilege, or other privilege or immunity, the Designating Party will promptly notify each receiving party in writing of the inadvertent production.  When a party receives notice of such inadvertent production, it shall return all copies of inadvertently produced material within three business days.  Any notes or summaries referring or relating to any such inadvertently produced material subject to claim of privilege or immunity shall be destroyed forthwith.  Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege designation by submitting a challenge to the Court.  The Designating Party bears the burden of establishing the privileged nature of any inadvertently produced information or material.  Each receiving party shall refrain from distributing or otherwise using the inadvertently disclosed information or material for any purpose until any issue of privilege is resolved by agreement of the parties or by the Court.  Notwithstanding the foregoing, a receiving party may use the inadvertently produced information or materials to respond to a motion by the Designating Party seeking return or destruction of such information or materials.  If a receiving party becomes aware that it is in receipt of information or materials which it knows or reasonably should know is privileged, Counsel for the receiving party shall immediately take steps to (i) stop reading such information or materials, (ii) notify Counsel for the Designating Party of such information or materials, (iii) collect all copies of such information or materials, (iv) return such information or materials to the Designating Party, and (v) otherwise comport themselves with the applicable provisions of the Rules of Professional Conduct.

18. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to Designated Material; or to object to the

production of Designated Material; or to apply to the Court for an order compelling production of Designated Material; or for modification of this Order; or to seek any other relief from the Court.

     19.    The restrictions imposed by this Order may be modified or terminated only by further order of the Court.

     20.    The parties hereby consent to the form and entry of the foregoing Stipulated Protective Order.

| PLAINTIFF, | DEFENDANTS, |
|---|---|
| FRAMEWORK MI, INC. | CVS Health Corporation; CVS Pharmacy, Inc.; Caremark RX, LLC; ProCare Pharmacy, LLC d/b/a Encompass RX |
| By: */s/ Lucas W. Morgan*<br>Jonathan E. Levitt<br>Michelle L. Greenberg<br>Lucas W. Morgan<br>Frier Levitt, LLC<br>84 Bloomfield Avenue<br>Pine Brook, NJ 07058<br>Telephone: (973) 618-1660<br>Facsimile: (973) 618-0650<br>Email: jlevitt@frierlevitt.com<br>    mgreenberg@frierlevitt.com<br>    lmorgan@frierlevitt.com | By: */s/ Andrew M. Zeitlin*<br>Andrew M. Zeitlin<br>Shipman & Goodwin LLP<br>300 Atlantic Street, 3rd Floor<br>Stamford, CT 06901-3522<br>Telephone: (203) 324-8100<br>Facsimile: (203) 324-8199<br>Email: azeitlin@goodwin.com<br><br>Glenn M. Cunningham (*pro hac vice*)<br>Shipman & Goodwin LLP<br>One Constitution Plaza<br>Hartford, CT 06103<br>Telephone: 860-251-5000<br>Facsimile: 860-251-5099<br>Email: gcunningham@goodwin.com |

IT IS SO ORDERED THIS  31st  DAY OF   August        , 2021,

                                                              *[signature]*
                                           Hon. Naomi Reice Buchwald
                                           United States District Judge

# EXHIBIT A

      I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Framework MI, Inc. v. CVS Health Corporation, et al.,* No. 20-cv-907 (S.D.N.Y. 2020), have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL PRODUCED PURSUANT TO PROTECTIVE ORDER" are confidential by Order of the Court.

      I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

_____

DATED:_____

Signed in the presence of:

_____(Attorney)