UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Framework MI, Inc., <br><br> Plaintiff, <br><br> v. <br><br> CVS Health Corporation; CVS Pharmacy, Inc.; Caremark RX, LLC; ProCare Pharmacy, LLC d/b/a Encompass RX <br><br> Defendants. | Civ. Action No. <br><br> 1:20-cv-00907 (NRB) <br><br> **SUPPLEMENTAL STIPULATED PROTECTIVE ORDER** |

      It is hereby agreed by the parties and ordered by the Court that the following shall apply to computer source code and source code related materials, produced in this action pursuant to the Federal and Local Rules of Civil Procedure governing disclosure and discovery:

      (i)    Source code shall be made available for inspection in native format at an easily accessible location (such as New York City or Washington DC or other agreed upon location) of an agreed upon neutral third-party (the Custodian Party) who shall be bound by this Supplemental Stipulated Protective Order and the Stipulated Protective Order (ECF No. 58). This third party will act as a custodian and manage access to the software for both Producing Party and Receiving Party. Source code includes, but is not limited to, source code and object code (i.e., computer instructions and other data definitions expressed in a form suitable for input to an assembler, compiler, or other translator). For avoidance of doubt, this includes source files, "include" files, make files, intermediate output files, executable files, header files, resource files, library files, module definition files, map files, object files, linker files, browser info files, debug files, computer code, scripts, assembly, binaries, object code, source code listings and descriptions of source code, object code listings, and descriptions of object code including any and all flags and settings used to configure compilation of source files, and including source code version tracking history data for the supplied source code or any other directory, files, reports, documentation, or interfaces related to the application, and Hardware Description Language (HDL) Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip and other human-readable files used in the compilation of source code into a software program, but the Receiving Party shall not attempt to compile the source code. As applicable, this also includes source code version control files (such as .git logs). In addition, each source code file will contain file metadata, including, but not limited to, creation date and most recent modification date.

      (ii)    Once source code has been made available for inspection, both the Receiving Party and the Producing Party shall provide notice to each other and to the Custodian Party of its inspection seven (7) business days prior to the inspection. The notice

shall include the expected dates of the inspection as well as who will be conducting the inspection.  The source code shall be available for inspection from 9:00 a.m. to 6:00 p.m. local time, Monday through Friday, and other days and/or times, subject to the timely request by the Receiving Party or Producing Party, and subject to the Custodian Party's availability and good faith efforts to accommodate the requested inspection.

      (iii)    All source code shall be made available to the Producing Party or the Receiving Party's outside counsel and/or experts on a secured computer without Internet access or network access to other computers and with all input/output ports (such as USB) disabled and/or blocked, as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any source code outside or away from the computer on which the source code is provided for inspection (the "Source Code Computer").  The Source Code Computer shall include a shared space where the source code and software utilities are saved and are accessible to both Producing Party and Receiving Party. It will also include two partitions, or independent sections of a hard drive, where each party can save files created during source code review. Producing Party and Receiving Party will each be granted access to one of the two different partitions on the Source Code Computer, such that any files generated by one party on the Source Code Computer cannot be accessed by the other party.[1] Access to the Source Code Computer by the Producing Party or Receiving Party is only available to a limited number of personnel, up to four individuals on behalf of each party, who have access to "HIGHLY CONFIDENTIAL – SOURCE CODE" material in accordance with the Protective Order. The Source Code Computer shall include basic software utilities that provide the ability to: (a) view, search, and identify the line number of any source file, (b) search for a given pattern of text through a number of files, and (c) compare two files. Moreover, the Source Code Computer shall include access to the Command Line Interface and a freely available scripting language, such as Python. In addition to these tools, the Producing Party or Receiving Party may request that commercially available software tools for reviewing and searching source code be installed on the Source Code Computer, provided, however, that (a) the Custodian Party possesses any appropriate license to such software tools; (b) the Producing Party and the Receiving Party approve such software tools (such approval shall not be unreasonably withheld); and (c) the party requesting the tools provides the other party with written justification as to why such other software tools are reasonably necessary to perform its review of the source code consistent with all of the protections herein. To the extent only the Producing Party or Receiving Party possesses the software tools, the party must provide the Custodian Party with software (via CD, DVD, or USB) containing such licensed software tool(s) at least ten (10) business days in advance of the date upon which the party requesting the tools wishes to have the additional software tools available for use on the Source Code Computer if there are not objections to such installation.  If either the Producing Party or the Receiving Party objects, the parties shall meet and confer in an attempt to resolve their differences.  If, after meeting and conferring, the Producing Party and Receiving Party cannot resolve the objection, either party may seek court resolution.  For emphasis, it should be noted that the tools for reviewing source code may not be used to circumvent the protections of this Protective Order in any way.

---

[1] In this document, the "other" party refers to one of either the Producing Party or the Receiving Party.  It does not refer to the Custodian Party.

2

10464164v1

(iv) The electronic source code shall be produced to preserve filenames and directory structures. The outside counsel and/or experts of either the Producing Party or Receiving Party shall be entitled to take notes relating to the source code but may not copy the source code into the notes. No copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided in the Protective Order. Further, no other written or electronic record of the source code is permitted except as otherwise provided in the Protective Order. Any digital files created while analyzing the code on the Source Code Computer that a party would like to receive access to outside of the Source Code Computer will be extracted by the Custodian Party onto encrypted USB drives and shared with both parties.

(v) The Producing Party and the Receiving Party will only identify for copying such files (or portions thereof) as are both relevant to the issues at hand in this case and reasonably necessary to facilitate the preparation of the case for both parties, including (l) when reasonably necessary to prepare any filing with the Court or to serve any pleadings or other papers on any other Party, or (2) to prepare other necessary case materials such as testifying expert reports, consulting expert written analyses, and related drafts and correspondences. For the duration of this case, in no event may the Producing Party or the Receiving Party identify more than those files (or portions thereof) that are both relevant to the issues at hand in this case and reasonably necessary to facilitate one party's preparation of the case, without prior written approval by the other party. Any printed portion of source code that consists of more than twenty (20) pages of a continuous block of source code shall be presumed to be excessive, and the burden shall be on the party that requested the printed source code to demonstrate the needs for such a printed copy to the other party.

(vi) During inspection of the source code, the Receiving Party's counsel or experts may compile a list of such source code files (or portions thereof) to be copied. Within five (5) business days of receiving identification of such relevant and reasonably necessary information by Receiving Party, the Producing Party shall either [1] Bates number, copy, and label "HIGHLY CONFIDENTIAL – SOURCE CODE" any pages printed by the Receiving Party and send via two-day delivery one copy set of such pages to the Receiving Party and one copy set of such pages to one of the Receiving Party's experts disclosed pursuant to this Protective Order, such expert's identification and physical address for delivery of the source code to be provided to the Producing Party within one day of the inspection of the source code material, or [2] inform the Receiving Party that it objects that the printed portions are excessive and/or not relevant and necessary to the claims and defenses in the case. The Producing Party must have a reasonable basis to object and shall not merely object for the purpose of delaying production of the printed source code. If, after meeting and conferring, the Producing Party and Receiving Party cannot resolve the objection, the Producing Party may seek court resolution.

(vii) Unless otherwise agreed in advance by the parties in writing, the Producing Party's and the Receiving Party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the room that may contain work product and/or attorney-client privileged information at the end of each day, except for ongoing electronic work files that are securely stored in one of the two partitions dedicated to either the Producing Party or the Receiving Party. No electronic or recording devices (e.g., laptops,

cell phones, cameras) shall be permitted inside the source code review room. Materials inadvertently left in the source code review room do not operate as a waiver of the attorney work product doctrine or any other applicable privilege and shall be returned to the owner promptly. The Custodian Party shall not be responsible for any items left in the source code review room.

(viii) The Custodian Party may maintain a log of the names of persons who enter the room to view the source code. The Custodian Party may require that each individual for the Producing Party or Receiving Party, upon each entry or exit of the source code viewing room by that individual, sign a log provided by the Custodian Party, indicating the name of that individual, whether the individual entered or exited the source code viewing room, and the date and time of such entry or exit. The Custodian Party shall be entitled to have a person monitor all entrances and exits from the source code viewing room. The Producing Party or the Receiving Party shall also be entitled to visually monitor the other party's activities in the source code viewing room from outside such room, through a glass wall or window, so long as one party cannot hear the other party or see the contents of the other party's notes or the display of the Source Code Computer.

(ix) Other than as provided herein, the Producing Party or the Receiving Party will not copy, remove, or otherwise transfer any source code from the Source Code Computer including, without limitation, copying, removing, or transferring the source code onto any other computers or peripheral equipment. This provision does not prevent the parties from including source code information in e-filings to the Court made under seal.

(x) The Producing Party's or the Receiving Party's outside counsel of record may make no more than five (5) additional paper copies of any portions of the source code received from the other party, not including copies attached to court filings or used at depositions.

(xi) The Producing Party's or the Receiving Party's outside counsel of record and any person receiving a copy of any source code shall maintain and store any paper copies of the source code at their offices in a locked container and shall prevent duplication of or unauthorized access to the source code.

(xii) Except as provided in this sub-paragraph, absent express written permission from the other party, the Producing Party or the Receiving Party may not create electronic images, or any other images, or make electronic copies, of the source code from any paper copy of source code for use in any manner (including by way of example only, either party may not scan the source code to a PDF or photograph the code). A party may make and use snippets and images of the source code if necessary for court filings, expert reports, discovery responses and other similar documents. All such documents shall be clearly marked "HIGHLY CONFIDENTIAL – SOURCE CODE" and, if filed, shall be filed under seal. Unless agreed by the Producing Party and the Receiving Party, images or copies of source code shall not be included in correspondence between the parties (references to production numbers shall be used instead), outside of any pieces of code that are embedded (and thus included) in an expert report.

(xiii) For depositions, the Receiving Party shall not bring copies of any printed source code outside of any pieces of code that are embedded (and thus included) in an expert report. Rather, at least seven (7) days before the date of the deposition, the Receiving Party shall notify the Producing Party about the specific portions of the source code that it wishes to use at the deposition, and the Producing Party shall bring printed copies of those portions to the deposition for use by the Receiving Party. Copies of source code that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. All paper copies of source code brought to the deposition shall remain with the Producing Party's outside counsel for secure destruction in a timely manner following the deposition.

PLAINTIFF,

FRAMEWORK MI, INC.

By: _____
Jonathan E. Levitt
Michelle L. Greenberg
Lucas W. Morgan
Martha M. Rumore
Frier Levitt, LLC
84 Bloomfield Avenue
Pine Brook, NJ 07058
Telephone: (973) 618-1660
Facsimile: (973) 618-0650
Email: jlevitt@frierlevitt.com
       mgreenberg@frierlevitt.com
       lmorgan@frierlevitt.com
       martharumore@frierlevitt.com

DEFENDANTS,

CVS Health Corporation; CVS Pharmacy, Inc.; Caremark RX, LLC; ProCare Pharmacy, LLC d/b/a Encompass RX

By: _____
Andrew M. Zeitlin
Shipman & Goodwin LLP
300 Atlantic Street, 3rd Floor
Stamford, CT 06901-3522
Telephone: (203) 324-8100
Facsimile: (203) 324-8199
Email: azeitlin@goodwin.com

Glenn M. Cunningham (*pro hac vice*)
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT 06103
Telephone: (860) 251-5000
Facsimile: (860) 251-5099
Email: gcunningham@goodwin.com

John J. DiMarco (*pro hac vice*)
Shipman & Goodwin LLP
1875 K Street NW, Suite 600
Washington, DC 20006-125
Telephone: (202) 741-4681
Facsimile: (202) 469-7751
Email: jdimarco@goodwin.com

IT IS SO ORDERED THIS __8th__ DAY OF __November__, 2021,

                                                                                 _____
                                                                                 Hon. Naomi Reice Buchwald
                                                                                 United States District Judge